UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:20-cr-00329-1 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 65, 68] |
| v. | : |  |
| EDWARD D. MARSHALL, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Edward Marshall pled guilty to eight counts related to fentanyl distribution.[1] On December 10, 2020, the Court sentenced Defendant Marshall to 72 months of imprisonment.[2] At his sentencing, Marshall received two additional points to his criminal history score, because he committed his offenses while under a state criminal justice sentence.[3]

Marshall now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821.[4] The government agrees that Marshall is eligible for a sentence reduction but opposes Marshall's request on that grounds that Marshall is a public safety concern.[5] Marshall filed a reply.[6]

For the following reasons, the Court **GRANTS** Defendant Marshall's motion and reduces Marshall's sentence to **60 MONTHS**.

---

[1] Doc. 37 at PageID #: 199.
[2] *Id.* at PageID #: 200.
[3] Doc. 32 at PageID #: 173.
[4] Docs. 65, 68.
[5] Doc. 75 at PageID #: 391.
[6] Doc. 76.

Case No. 1:20-cr-00329-1
GWIN, J.

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] One such statutory authority is 18 U.S.C. § 3582(c)(2), which allows courts to reduce a sentence if the original sentence was based "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] For § 3582(c)(2) to apply, though, the relevant Sentencing Guidelines amendment must be retroactive.[9]

At the first step, courts determine a defendant's amended guideline range by "substitut[ing] only [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and [] leav[ing] all other guideline application decisions unaffected."[10]

At the second step, courts weigh the 18 U.S.C. § 3553(a) factors to determine if a sentence reduction is justified.[11]

In considering a § 3582(c)(2) sentence reduction motion, courts usually cannot reduce a defendant's sentence below the amended guideline range unless the original sentence was also below the original guideline range.[12] If the original sentence was below the original guideline range, the reduced sentence may be "comparably" below the amended range.[13]

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010).
[10] *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).
[11] *Id.*
[12] *Id.*
[13] *Id.*

Case No. 1:20-cr-00329-1
GWIN, J.

## II.  DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) limits the criminal history impact of "status points," decreasing them by one point for defendants with seven or more criminal history points and eliminating them for those with six or fewer criminal history points.[14]  Amendment 821(A) is retroactive.[15]

At his original sentencing, Defendant Marshall received five criminal history points based on prior convictions.[16]  He received two additional criminal history points for committing his federal offenses while on a state criminal justice sentence.[17]  Marshall's seven total criminal history points caused him to have Criminal History Category IV.[18]  Combined with a total offense level of twenty-three, this resulted in an original guideline range of 70–87 months.[19]

Amendment 821(A) eliminates Marshall's two status points, giving him a total criminal history score of five and placing him in Criminal History Category III.[20]  Maintaining the original offense level, Marshall's amended guideline range is 57–71 months.[21]  Thus, Defendant Marshall is eligible for a sentence reduction because he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The government concedes that Defendant Marshall is eligible for a sentence reduction.  But the government argues that the Court should nonetheless deny Marshall's

---

[14] Amendment 821, https://www.ussc.gov/guidelines/amendment/821.
[15] U.S.S.G. § 1B1.10(d).
[16] Doc. 32 at ¶ 60.
[17] *Id.* at ¶ 61.
[18] *Id.* at ¶ 62; U.S.S.G. Ch. 5, Pt. A (Sentencing Table).
[19] Doc. 38 at PageID #: 206.
[20] *See* U.S.S.G. Ch. 5, Pt. A.
[21] *Id.*

- 3 -

Case No. 1:20-cr-00329-1
GWIN, J.

motion when weighing the § 3553(a) factors because reducing Marshall's sentence will "pose [] a risk to public safety."[22]

Specifically, the government says that Marshall is dangerous because Marshall's offenses involved a significant amount of fentanyl and because Marshall had a leadership role in distributing the fentanyl.[23] The government also points to Marshall's conviction history as evidence that Marshall is at a high risk of recidivism.[24]

Although the government raises important considerations, the Court finds that a sentence reduction is justified after weighing the § 3553(a) factors.

For one, Defendant Marshall's conviction history does not increase recidivism risk. Two of Marshall's convictions—resisting arrest by trying to pull his arm away and unspecified attempted evidence tampering—resulted only in probation.[25] Marshall's most serious conviction is a 2008 robbery, when Marshall was 18 years old.[26] While one of Marshall's associates had a gun during that robbery, the evidence suggests that Marshall did not have a weapon.[27]

Moreover, the amount of fentanyl from Defendant Marshall's offenses and Marshall's leadership role in those offenses are already accounted for by Marshall's total offense level.[28] Marshall's total offense level remains the same under Amendment 821, so Marshall's amended guideline range already reflects the seriousness of Marshall's offenses.

---

[22] Doc. 75 at PageID #: 395–97.
[23] *Id.* at PageID #: 396.
[24] *Id.*
[25] Doc. 32 at ¶¶ 57, 59.
[26] *Id.* at ¶ 56.
[27] *Id.*
[28] *Id.* at ¶¶ 43, 46.

Case No. 1:20-cr-00329-1
GWIN, J.

In fact, Marshall's current 72-month sentence is greater than the 71-month upper limit of Marshall's amended guideline range. The record does not show aggravating factors supporting an upward variance, so maintaining Marshall's current sentence is likely to cause unwarranted sentencing disparities between Marshall and defendants recently found guilty of similar conduct.[29]

For these reasons, the Court reduces Defendant Marshall's sentence to 60 months. The Court previously found that a sentence at the low end of the guideline range was sufficient, but not greater than necessary, to serve sentencing purposes.[30] The Court reaches the same conclusion when considering Marshall's amended guideline range.

Marshall has also dealt with substance abuse, and a 60-month sentence gives needed opportunity for substance-abuse treatment.[31]

Finally, the mandatory minimum for Marshall's offenses is 60 months.[32] This represents a legislative judgment that 60 months is an adequate sentence. The Court agrees in this case that 60 months is sufficient.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Marshall's motion and **REDUCES** Defendant's sentence to **60 MONTHS**. Except as otherwise provided in this Order, all other terms of Marshall's original sentence remain in effect.

IT IS SO ORDERED.

Dated: February 14, 2024      *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[29] *See* 18 U.S.C. 3553(a)(6).
[30] The Court sentenced Defendant Marshall to 72 months on a guideline range of 70–87 months.
[31] 18 U.S.C. 3553(a)(2)(D); *see also* Doc. 37 at PageID #: 200 (recommending placement in a residential drug abuse program).
[32] Doc. 32 at ¶ 87 (citing statutory provisions).